UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at ASHLAND**

CIVIL ACTION NO. 06-CV-107-HRW

RICO LYVERS,                                                                 PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

LISA SULLIMAN, ET AL.,                                              DEFENDANTS

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Rico Lyvers, while an inmate at the Little Sandy Correctional Complex ("LSCC")[1] in Sandy Hook, Kentucky, filed this action, *pro se*, pursuant to 42 U.S.C. §1983, against prison officials at LSCC, alleging that defendant Correctional Officers Lisa Sulliman and David Boggs subjected him to an unauthorized strip search of his person on or about November 10, 2005, in violation of his Constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution, Section 10 of the Kentucky Constitution, and LSCC's Corrections Policy and Procedures.[2]

---

[1]

The plaintiff is no longer an inmate at LSCC. On March 29, 2007, the plaintiff notified the court that he is currently an inmate at the Kentucky State Reformatory in LaGrange, Kentucky.

[2]

In his complaint, the plaintiff also named as defendants LSCC Warden Gary Beckstrom and Charles Williams, Director of Operations/Programs for the Kentucky Department of Corrections ("KDOC"); however, upon initial screening, in a Memorandum Opinion and Order entered on August 11, 2006, the plaintiff's claims against these two defendants were dismissed prior to any summons being issued to them. *See* Record No. 9.

Plaintiff Lyvers seeks the following relief: (a) compensatory damages of at least $10,000, but not to exceed $100,000 from each defendant; (b) punitive damages of at least $10,000, but not to exceed $1,000,000 from each defendant; (c) injunctive relief prohibiting the defendants from retaliating against him for bringing this action against them; and (d) his costs and attorney's fees. *See* Complaint, page 4 of attachments [Record No. 1].

This matter is before the court on the defendants' renewed motion for summary judgment[3] [Record No. 61]. Plaintiff Lyvers having responded thereto [Record No. 64], this matter is ripe for review.

## II. FACTUAL BACKGROUND

In the interests of judicial economy, the court incorporates by reference, as if fully stated herein, the Factual Background giving rise to this action that is contained in the <u>Memorandum Opinion and Order</u> entered herein on June 4, 2007 [Record No. 51].

## III. DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

As grounds for their renewed motion for summary judgment, defendants contend that additional discovery taken herein subsequent to the denial of their original motion for summary judgment compels the dismissal of this action against them. Specifically, defendants point to the

---

[3]

Following some preliminary discovery, both plaintiff and defendants moved for summary judgment. *See* [Record Nos. 45, 48]. For the reasons stated in the <u>Memorandum Opinion and Order</u> entered on June 4, 2007, the court denied the cross-motions for summary judgment, and referred this matter to Magistrate Judge Edward B. Adkins for the scheduling of additional discovery deadlines and any necessary settlement conferences. *See* Record No. 51. Subsequent to additional discovery exchanged between the parties, defendants Sulliman and Groves renewed their motion for summary judgment.

plaintiff's responses made on September 27, 2007, to their discovery requests, and in particular, defendants rely on the plaintiff's answer to Interrogatory No. 17, which is set out in full below:

> **INTERROGATORY NO. 17:** Please set forth and describe in detail any and all physical injuries you allege you suffered as a result of the incident referred to in the Complaint.
>
> **ANSWER:** plaintiff has suffered mental and emotional injuries.

*See* Exhibit "A" to <u>Defendants' Motion For Summary Judgment</u> [Record No. 61].

Defendants submit that since the plaintiff has acknowledged that he did not sustain any physical injury from the incident at issue (the strip search conducted on November 10, 2005) and suffered only mental and emotional injuries, the plaintiff's claims against them are barred by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), as seen in *Woodford v. Ngo*, 548 U.S. 81 (2006), *Adams v. Rockafellow*, 66 Fed.Appx. 584 (6th Cir. 2003), and *Cassidy v. Indiana Dept. of Corrections*, 199 F.3d 374 (7th Cir. 2000). In further support of their motion for summary judgment, defendants also assert that they are entitled to qualified immunity relating to the performance of their discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable official would have known. <u>See</u> *Procunier v. Navarette*, 434 U.S. 555 (1978).

In response, the plaintiff argues that there are genuine issues of material fact concerning (1) whether he was under suspicion for violating any institutional rule or regulation prior to defendant Sulliman's decision to have him strip-searched, (2) whether he refused to being strip-searched when ordered to do so, (3) whether he offered any resistance or disobedience to being placed in Administrative Segregation, (4) whether defendant Sulliman's decision to have him strip-searched was done in retaliation to his assertion of the rights afforded him under the

3

Corrections Policy and Procedures, and (5) whether the actions by the defendants to strip-search him were done in good faith, to maintain or restore discipline, or whether their actions were conducted with malicious and sadistic intent to cause harm to the plaintiff. For these reasons, the plaintiff asserts that defendants are not entitled to summary judgment and that this action should proceed to trial.

### Discussion/Analysis

**A.    Standard for Summary Judgment**

In *Menuskin v. Williams*, 145 F.3d 755 (6th Cir. 1998), the Sixth Circuit reiterated the standard to be employed when considering a motion for summary judgment, as follows:

> . . . Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, we view the evidence so that all justifiable inferences are drawn in favor of the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

*Menuskin*, 145 F.3d at 761. *See also Street v. J. C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989).

With this standard in mind, the court will proceed to the defendants' renewed motion for summary judgment.

**B.    Applicable Law**

**1.    Statutory law**

The PLRA was enacted in 1996 and made significant changes in prisoner litigation, creating a one-year statute of limitations for the filing of certain actions and otherwise reducing an inmate's right to bring certain actions. As noted in *Woodford v. Ngo, supra*:

4

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e et seq., in 1996 in the wake of a sharp rise in prisoner litigation in the federal courts, see, *e.g.*, *Alexander v. Hawk*, 159 F.3d 1321, 1324-1325 (C.A.11 1998) (citing statistics). The PLRA contains a variety of provisions designed to bring this litigation under control. See, *e.g.*, § 1997e(c) (requiring district courts to weed out prisoner claims that clearly lack merit); § 1997e(e) (prohibiting claims for emotional injury without prior showing of physical injury); § 1997e(d) (restricting attorney's fees).

*Woodford*, 548 U.S. at 84.

The pertinent provision of the PLRA that is at issue in the present action is codified at 42 U.S.C. § 1997e(e), which states, as follows:

**42 U.S.C. § 1997e:**

. . .

**(e) Limitation on recovery**
    No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

## 2.    Case law developed subsequent to the PLRA

In addition to considering the foregoing statute, 42 U.S.C. § 1997e(e), a complete analysis of this action also requires the court to review the case law that has developed as a result of the enactment of the PLRA and particularly litigation concerning § 1997e(e).

Divergent opinions throughout the nation have been rendered concerning § 1997e(e), with some courts holding that this statute mandates that a "physical injury" must accompany the alleged infringement of the inmate's constitutional rights before the inmate will have a viable cause of action, while other courts have held that depending on the nature of the inmate's allegedly infringed rights, some claims may go forward without a showing of any physical

injury. In general, it appears that the § 1983 cases that have been allowed to go forward without a showing of any physical injury concern First Amendment claims.

In *Percival v. Rowley,* 2005 WL 2572034 (W.D. Michigan 2005), an unreported First Amendment case, the district court denied the defendants' motion for summary judgment, holding that an inmate need not demonstrate physical injury. In that decision, the court noted:

> Some Circuits have held that section 1997e(e) operates to prohibit or limit a prisoner's First Amendment suit when no physical injury is shown. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir.2005); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir.2004); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir.2001); *Allah v. Al-Hafeez*, 226 F.3d 247, 250-51 (3rd Cir.2000). Other Circuits have found section 1997e(e) is not so limiting. *See Rowe v. Shake*, 196 F.3d 788, 781-82 (7th Cir.1999); *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir.1998).

*Percival, supra,* 2005 WL 2572034 at *2.

However, the present action concerns only claims arising under the Fourth and Fourteenth Amendments and does not concern a First Amendment claim; therefore, the court need not be concerned with case law involving First Amendment claims. Regarding case law concerning other types of claims, such as Fourth, Eighth, and Fourteenth Amendment claims, the courts have routinely held that § 1997e(e) operates to prohibit those lawsuits when no physical injury is shown.

For example, in *Adams v. Rockafellow*, 66 Fed.Appx. 584, 2003 WL 21259701 (6th Cir. 2003), an unreported Sixth Circuit case on which defendants rely in support of their motion for summary judgment, an inmate in a Michigan state prison was subjected to at least two strip searches, allegedly in retaliation for his religious practices. On appeal, the Sixth Circuit affirmed the summary judgment entered in favor of the defendants, holding that the plaintiff's complaint could not withstand PLRA scrutiny. Specifically, the Sixth Circuit in *Adams* stated:

Defendant Rockafellow was entitled to judgment as a matter of law on Adams's Eighth Amendment claim. Nowhere in Adams's pleadings does he even suggest that he was subjected to any physical injury whatsoever as a result of the strip-searches. Rather, Adams claims a mental or emotional injury as a result of the strip-searches. Title 42 U.S.C. § 1997e(e) precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Cassidy v. Indiana Dep't of Corr.*, 199 F.3d 374, 376-77 (7th Cir.2000); Zehner v. Trigg, 133 F.3d 459, 461 (7th Cir.1997); *Merchant v. Hawk-Sawyer,*37 Fed.Appx. 143, 145 (6th Cir.2002); *Williams v. Gobles*, No. 99-7701, 2000 WL 571936, at \*2 (6th Cir. May 1, 2000). Although § 1997e(e) does not define "physical injury," the developing case law in this area reflects the view that, consistent with Eighth Amendment jurisprudence, the predicate injury need not be significant, but must be more than de minimis. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997) (physical injury required as predicate for emotional-distress claim must simply be more than de minimis); *see also Luong v. Hatt*, 979 F.Supp. 481, 485-86 (N.D.Tex.1997) (physical injury must be more than de minimis to satisfy § 1997e(e)). Adams's physical injury is less than de minimis; it is non-extant. Thus, there exists no predicate for his emotional distress claim.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.

*Adams v. Rockafellow, supra.*

Although *Adams* is an unreported decision, it is essentially on all fours with the present action. The court is persuaded that the reasoning and rationale underlying the Sixth Circuit's decision in *Adams* is equally applicable to the present action. Consequently, since discovery herein has established that the plaintiff sustained no physical injury surrounding the strip search at issue, his claims are barred by 42 U.S.C. § 1997e(e). Thus, even assuming *arguendo* that the defendants violated the plaintiff's Fourth and Fourteenth Amendment rights in ordering the plaintiff to submit to a strip search and that said strip search was also conducted in violation of CPP 9.8 entitled *Search Policy*, and specifically, §II(A)(1)(a)-(c), since there was no physical injury attendant to such violation, any cause of action the plaintiff might otherwise have against

7

the defendants is barred by 42 U.S.C. § 1997e(e). Therefore, the defendants are entitled to summary judgment.

Having concluded that due to the lack of any physical injury, Plaintiff Lyvers has no viable cause of action under § 1983 for any alleged violation of his Fourth and Fourteenth Amendment rights, the Court need not consider whether the defendants are entitled to qualified immunity.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)    The "Motion for Summary Judgment" [Record No. 61] filed by Defendants Lisa Sulliman and David Boggs is **GRANTED**.

(2)    This action [06-CV-107-HRW] is **DISMISSED**.

(3)    Judgment shall be entered contemporaneously with this Order in favor of the named defendants.

This the 11th day of September, 2008.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE